IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:  
Daniel Gunn and  
Bayyinah Gunn,  
Debtors.

Case No.: 13-2271-JCO  
Chapter 13

MEMORANDUM OPINION AND ORDER

The matters now before this Court involve two related bankruptcy cases filed by the Debtors. The first was filed on July 2, 2013, as Case Number 13-2271-JCO (hereinafter, "*Gunn I*), and voluntarily dismissed on March 30, 2016. On March 31, 2016, Debtors filed their second Chapter 13 bankruptcy case, Case Number 16-1060-JCO (hereinafter, *Gunn, II*).

Pending now before the Court are creditor Commonwealth National Bank's Motion to Reopen and To Vacate Order Granting Relief from Stay, (*Gunn I,* Doc. 138) and interested party Equity Ventures, LLC's Response in Opposition thereto. (Doc. 149). The parties have briefed the issues raised and the matter is ripe for adjudication. For the following reasons, this Court concludes that Commonwealth's Motion to Reopen and to Vacate the Order Granting Relief from Stay is due to be and hereby is DENIED.

Factual and Procedural History

All matters relate to certain real property located at 4560 Pine Ridge Road, Eight Mile, Alabama (hereinafter, the "Property"). The property is not Debtors' homestead, but is rental property, which they own as evidenced by a Mortgage between Daniel J. Gunn and Commonwealth National Bank, dated January 20, 2010. (*Gunn, II* Doc. 35-1 at 2-8). On April 4, 2011, slightly more than two years before the first bankruptcy, the Mobile County Probate Court issued a decree for the sale of this property for taxes then due from Kendall Gunn. (Doc. 138 at 67). On May 26, 2011, with no person having bid a sufficient sum for the property, the

property was sold to the State in the amount of taxes owed. On July 2, 2013, Debtors filed their first Chapter 13 petition. (*Gunn I,* Doc. 1). On August 8, 2014, with the redemption period having lapsed without the property being redeemed, Equity Ventures applied to the State to purchase the property for the amount of taxes owed at the time the property was sold. The application was approved and the property was sold to Equity Ventures for $4,858.85. The Probate Court issued a Deed to Equity Ventures, which was recorded with the Mobile County Probate Court on August 28, 2014. (*Gunn I,* Doc. 138 at 67).

The Debtors' proposed plan in their first case indicated that payments on the property would be made by a third party. (*Gunn, I* Doc. 10). On September 17, 2013, Commonwealth, as mortgagee on the Property, objected to confirmation of the proposed Plan on the grounds that the Plan did not identify the third party and that Commonwealth did not have an agreement with the third party. (*Gunn, I* Doc. 20). Commonwealth subsequently withdrew its objection to confirmation by consent agreement that monthly payments would be made in the amount of $883.98 by Kendall Gunn with no waiver of rights or remedies against the Debtors. (*Gunn, I* Doc. 23). On February 27, 2014, the Plan was confirmed. (*Gunn, I* Doc. 55). On March 24, 2014, the Debtors objected to Claim 17 filed by Commonwealth on the ground that the arrearages contained in the proof of claim were already paid by the Debtors. (*Id.* at Doc. 61). On May 13, 2014, an Order disallowing Commonwealth's claim was entered. (*Id.* at Doc. 67). On January 13, 2016, Equity Ventures filed its Motion for Relief From Stay to proceed against the Property based on its interest created and perfected by the tax deed at issue. (*Id.* at Doc. 111). On February 3, 2016, a hearing was held and the Motion was granted by consent. *Id.* at Doc. 120).

On March 9, 2016, Debtors filed a Motion to Dismiss their case with no injunction to avoid losing their primary residence. (*Id.* at Doc. 121). The Motion was granted and the first case was dismissed and closed. Debtors filed their new case on March 31, 2016, Case Number 16-1060-JCO. On January 11, 2017, Equity Ventures filed a complaint in Mobile County Circuit Court for ejectment seeking possession of the property.

Finally, on May 2, 2017, Commonwealth filed the present Motion to Reopen and to Vacate Order Granting Relief from Stay, (*Id.* at Doc. 138), to which Equity Ventures filed its brief in opposition thereto. (Doc. 149).

## JURISDICTION

Bankruptcy jurisdiction is, at its core, *in rem* and state courts lack authority and jurisdiction to modify bankruptcy court orders.[1] The impact of the automatic stay is to place jurisdiction in the bankruptcy court over all matters subject to the automatic stay. *In re Benalcazar,* 283 B.R. 514, 521 (Bankr. N.D. Ill. Aug. 15, 2002) (*citing LaBarge v. Vierkant,* 240 B.R. 317, 322-25 (8th Cir. BAP 1999)(collecting authorities). Thus, this Court has exclusive jurisdiction over matters regarding the automatic stay, including those seeking annulment of the stay.

## CONCLUSIONS OF LAW

---

[1] *In re Long,* 564 B.R. 750, 755 (Bankr. S.D. Ala. Jan. 9, 2017); *In re Hackney,* 2008 WL 4830040, at *15 (Bankr. N.D. Ala. Oct. 10, 2008)(state courts lack authority to modify or dissolve a bankruptcy court's order); *Gruntz v. Los Angeles,* 202 F.3d 1074, 1079 (9th Cir. 2008); *In re McGhan,* 288 F.3d 1172 (9th Cir. 2002)("because bankruptcy court orders are not subject to collateral attack in other courts, any state court modification of the automatic stay would constitute an unauthorized infringement upon the bankruptcy court's jurisdiction to enforce the stay . . ."); *Contractors' State License Bd. v. Dunbar,* 245 F.3d 1058, 1063 (9th Cir. 2001)(federal courts are not bound by state court modifications of the automatic stay); *see also Central Va. Cmty. College v. Katz,* 546 U.S. 356 (2006).

Commonwealth's Motion requests that this case be reopened pursuant to 11 U.S.C. § 350(b) to afford it relief based on an alleged stay violation pursuant to 11 U.S.C. § 362 (b)(9)(B), (D). Commonwealth contends the stay violation occurred when the Alabama Department of Revenue, which was a scheduled creditor and received proper notice of the bankruptcy filing, issued an ad valorem tax deed to Equity Ventures without first obtaining relief from the stay. (*Id*. at Doc. 138 at 2). Commonwealth asserts that it desires to administratively redeem the property from the State of Alabama, but is unable to because Equity Ventures is using the Order granting relief from stay to circumvent Commonwealth's administrative redemption rights and is demanding an inordinate and improper sum to resolve this matter. (*Id*. at Doc. 138 at 4).

Equity Ventures' Response objects to Commonwealth's Motion stating that cause does not exist to reopen the Debtors' case on two grounds. First, that the issuance of the tax deed to Equity Ventures did not violate the automatic stay because it was ministerial act of the Probate Court, and if the deed was issued in violation of the stay, that it be retroactively annulled *nunc pro tunc* to the date the petition was filed. Second, Equity Ventures contends that no stay violation occurred because the Debtors retained no interest in the Property when it was transferred to Equity Ventures, and the Property therefore was not property of the estate subject to the automatic stay.

Commonwealth includes in its Motion a request that this Court vacate the Order granting Equity Ventures relief from the stay. The request is made without reference to a supporting bankruptcy rule or code, but, the proper legal framework for attacking the Order is an argument under Rule 9024, which is titled, "Relief from Judgment or Order." Rule 9024 incorporates and makes applicable to bankruptcy cases Rule 60 of the Federal Rules of Civil Procedure. Rule 60(a) is inapplicable here, as it pertains to relief from a

judgment due to clerical mistakes, omissions or oversight. Rule 60(b) states that on motion and just terms, the court may relieve a party from final judgment or order for six reasons. With no mention of Rule 60(b) or corresponding Bankruptcy Rule 9024 in Commonwealth's Motion, the Court must consider each of the six grounds for relief provided by Rule 60(b).[2] Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60.

The Court has analyzed all six grounds for relief provided by Rule 60(b) as they apply to Commonwealth's arguments and concludes only two are applicable in this case: (4) the judgment is void, and (6) any other reason that justifies relief. Because a stay violation could constitute cause to reopen this case, the Court will begin its analysis with Rule 60(b) regarding the alleged stay violation.

<u>Rule 60(b)(4): The Judgment Is Void</u>

---

[2] Rule 9024 states: Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one-year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

Rule 60(b) is an extraordinary remedy designed to address mistakes attributable to exceptional circumstances. *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984)(*citing Ackerman v. United States,* 340 U.S. 193, 202 (1950). The burden of proof in seeking relief from a final judgment or final order initially lies with the moving party. *Id.* "The burden for setting aside a final order is a heavy one for res judicata is being negated." *In re Abrams,* 305 B.R. 920 (S.D. Ala. Mar. 8, 2002). Whether to grant such relief is within this Court's discretion. *In re Timmons,* 479 B.R. 597, 608 (Bankr. N.D. Ala. 2012).

The burden of proof in a Rule 60(b)(4) motion rests with the movant. *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291 (11th Cir. 2003). Commonwealth contends the tax deed is void *ab initio* because it was issued in violation of the stay. Equity Ventures contends that the Debtors had no interest in the property at the time they filed their first petition because title vested in the State at the time the State purchased it, and relies on *Downing v. City of Russellville*, 3 So.2d 34, 39 (Ala. 1941) to support its position. However, to claim the Debtors had no interest in the Property at the time their first case was filed is a misinterpretation of *Downing*, the Debtors had a right of redemption. This Court agrees with Equity Ventures that no violation of the stay occurred, but under different reasoning.

The *Downing* Court notes that the state is "a purchaser ex necessitate" because, pursuant to the statute, the state must purchase the property if there are no bids sufficient to pay the taxes." *Downing* at 38-39. The *Downing* Court further explains: "the effect of the purchase by the state, unless otherwise provided withdraws the property from further taxation, until redeemed or sold by the state, . . . and the state is entitled to the possession of the lands immediately upon delivery of the certificate of purchase, . . . and may recover the same in an action of ejectment." *Id.* at 39. "In short, title to the property vests in the state in virtue of the purchase, without the necessity of

executing a deed, while other purchasers do not acquire title until after the expiration of the redemption period, three years, and the execution of a deed by the Judge Probate upon surrender of the certificate of purchase. The title of such other purchaser is derivative." *Id.* The *Downing* Court further explained that "the intent is clear to give the state a paramount lien for taxes due, and when the state becomes the purchaser to merge the lien in the title and confer on the state a title in fee superior to all incumbrances on the property." *Id.* "The State, in such circumstances, is not "a purchaser at a tax sale" . . . and [a]ny other interpretation would render the statute . . . which gives the state a lien "superior to all other liens," wholly impotent and meaningless, and would result in placing upon the state the burden of discharging other liens and incumbrances as a prerequisite to realizing and collecting its revenues. Such embarrassment was not contemplated nor intended." *Id.* However, the *Downing* Court also recognized that the City of Russellville, a lienholder, had "the right to redeem at any time before the title passed out of the state." *Id.* at 39. The same would be true of the Debtors or Commonwealth in the present case.

Applying this case to the facts at hand, this Court concludes that because the State of Alabama purchased the property when it was sold for taxes, superior title vested in the State preventing the Property from becoming property of the estate under 11 U.S.C. § 541. Despite title vesting in the State, the Debtors did have a Right of Redemption that became property of the estate, which, if exercised, would have returned the Property to the estate. That right remained unexercised, and it lapsed on May 26, 2014. It was approximately two months later that the state sold the Property to Equity Ventures. Because the Property was not property of the estate when Equity Ventures purchased the Property from the State on August 8, 2014, the stay did not apply to the Property and thus, there was no violation

<u>Rule 60(b)(6): Any Other Reason that Justifies Relief</u>

7

Case 13-02271    Doc 153    Filed 07/25/17    Entered 07/25/17 15:49:26    Desc Main
Document     Page 7 of 11

It is well settled that Rule 60(b)(6) is a residual provision designed to cover unforeseen contingencies. *In re Timmons,* 479 B.R. 597, 605 (Bankr. N.D. Ala. Sept. 20, 2012). "Relief is appropriate under this provision only upon a showing of exceptional circumstances and where absent such relief, an extreme and unexpected hardship will result." *Id.* (citation and quotation marks omitted). "Even then, whether to grant the requested relief is a matter for the … court's sound discretion." *Cano v. Baker,* 435 F.3d 1337, 1342 (11th Cir. 2006). Intervening developments, without something more, rarely constitute extraordinary circumstances for purposes of Rule 60(b)(6). *Timmons,* 479 B.R. at 605 (*citing Agostini v. Felton,* 521 U.S. 203, 239 (1997). A motion brought under Rule 60(b)(6) should be granted if appropriate to accomplish justice. *Id.* (citing *Klapprott v. U.S.* 335 U.S. 601, 614-615 (1949).

Commonwealth contends that it is entitled to redeem the property administratively under Alabama law and that Equity Ventures is attempting to abuse the Order granting relief from stay to circumvent Commonwealth's administrative redemption rights and demand an inordinate and proper sum to resolve this matter.

Given this Court's finding that title to the property vested in the State at the time the State purchased it, that the Debtors failed to exercise their right of redemption, and that Equity Ventures' title is derivative of the State's title, this Court holds that Equity Ventures was entitled to relief from the stay to pursue an ejectment action in state court and doing so is not an abuse of this Court's Order. Therefore, extraordinary circumstances do not exist upon which Rule 60(b)(6) relief can be granted. Any request for such is DENIED.

<u>Request to Reopen the Case</u>

Section 350 of the Bankruptcy Code and Rule 5010 of the Federal Rules of Bankruptcy Procedure govern motions to reopen. Section 350(b) provides that a "case may be reopened in

the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Rule 5010 further states that a "case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code . . . ." Fed. R. Bankr. P. 5010. The choice of whether to reopen the case rests within the sound discretion of the bankruptcy court and will not be overruled absent an abuse of such discretion. *In re Flanders,* 2014 WL 4080325, at *2 (Bankr. N.D. Ga. Aug. 6, 2014) (citing *In re Banks,* 2011 WL 1898701, at *1 (Bankr. N.D. Ga.2011); *In re Tarrer,* 273 B.R. 724, 731–32 (Bankr. N.D. Ga .2002). "Accordingly, the Court must consider the particular circumstances presented in the case and, using its discretion, decide whether cause exists to reopen it." *Flanders,* 2014 WL 4080325, at *2.

Having considered these particular circumstances, the pending motion and response, as well as the finding herein that no stay violation has occurred, this Court finds that cause does not exist to reopen the Debtors' case. If the case were to be reopened, there would be no additional assets to administer and no additional relief would be accorded the Debtor. With no other cause having been established by Commonwealth sufficient upon which the case may be reopened, Commonwealth's request to reopen this case is DENIED.

<u>Abstention</u>

Lastly, the Court must address whether there were undisclosed procedural invalidities in the tax deed as raised by Commonwealth. (*Gunn, I* Doc. 138 at 5). Because this argument raises issues arising under state law, this Court must consider whether abstention is proper.

Despite its broad jurisdictional powers, Congress did not intend for bankruptcy courts to become courts of general jurisdiction where any matter is heard as long as debtor is somehow involved. Section 305 of the Bankruptcy Code grants significant discretion to the bankruptcy

courts to decline to exercise jurisdiction over a case filed under Title 11, even when jurisdiction is otherwise appropriate. *In re Efron*, 535 B.R. 505 (Bankr. D.P.R. 2014), *aff'd,* 529 B.R. 396 (B.A.P. 1st Cir. 2015). Though abstention is an extraordinary remedy, it is appropriate where the interests of all the parties are best served by dismissal or suspension. 11 U.S.C. § 305(a)(1). The following factors are applied on a case by case basis to determine whether abstention is appropriate: (1) there is a pending state law proceeding, (2) another forum is better suited to decide the case, (3) the case is a two party dispute, and (4) whether resolution of the case involves interpretation of state law. *Efron* at 510-11.

Applying these factors to the present case, the Court finds that abstention regarding the procedural validity of the tax deed is proper. There is an ejectment action already pending in Mobile County Circuit Court filed by Equity Ventures, the resolution of which involves the interpretation of state law. While this Court is presently unaware of whether Commonwealth has raised this issue in that case, this Court finds that Mobile County Circuit Court is the proper forum to do so. This is a two-party dispute between Equity Ventures and Commonwealth which can be resolved by the application and interpretation of state law. Therefore, this Court abstains from determining whether a title defect existed prior to the State purchasing the Property.

## CONCLUSION

Based on the facts, Equity Ventures was within its rights to seek relief from the stay to proceed against Debtors and the property at issue. Equity Ventures' actions thereafter did not abuse this Court's Order, nor did it circumvent Commonwealth's right to administratively redeem the property.

Having considered the pleadings, Motion and Response, and the entire record before it, and, based on the foregoing reasons, this Court concludes that Commonwealth's Motion and the relief requested therein is due to be and hereby is DENIED.

Dated: July 25, 2017

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE